[Cite as *State v. Guzman*, 2016-Ohio-1487.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-11-198 |
| | : | O P I N I O N |
| - vs - | | 4/11/2016 |
| | : | |
| RAIMUNDO SIERRA GUZMAN, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2010-11-1902

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

McKinney & Namei Co., LPA, Michael L. Tudor, 15 East Eighth Street, Cincinnati, Ohio 45202, for defendant-appellant

**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Raimundo Guzman, appeals the decision of the Butler County Court of Common Pleas, denying his motion to withdraw his guilty plea. For the reasons detailed below, we affirm.[1]

{¶ 2} Guzman is a citizen of the Dominican Republic in this country on a green card.

---

1. Pursuant to Loc.R. 6(A), we have sua sponte removed this appeal from the accelerated calendar.

On January 24, 2011, Guzman pled guilty to an amended charge of trafficking in marijuana in violation of R.C. 2925.03, a fourth-degree felony.[2] Guzman was sentenced to five years of community control. Guzman did not appeal any aspect of his conviction or sentence, and subsequently completed his community control on September 10, 2013.

{¶ 3} In June 2015, Guzman met with an immigration attorney to renew his green card, but was advised that he was subject to deportation as a consequence of his trafficking in marijuana conviction. On June 30, 2015, Guzman filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. In his motion, Guzman attached an affidavit in which he averred that he would not have pled guilty had he known he would be subject to deportation proceedings. In addition, Guzman attached an affidavit from his former defense counsel who testified that he never advised Guzman of the immigration consequences of his plea, but rather relied upon the trial court's admonition pursuant to R.C. 2943.031.

{¶ 4} The trial court denied Guzman's motion to withdraw his guilty plea on the basis that his claim was res judicata. Guzman now appeals the decision of the trial court, raising a single assignment of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING APPELLANT'S EMERGENCY MOTION TO VACATE GUILTY PLEA UNDER *PADILLA V. KENTUCKY*.

{¶ 7} In his sole assignment of error, Guzman argues the trial court erred by denying his post-sentence motion to withdraw his guilty plea. In so doing, Guzman claims that he should be permitted to withdraw his guilty plea as his defense counsel was ineffective for failing to advise him of the immigration consequences of his plea.

---

2. Guzman was initially indicted for possession of marijuana in violation of R.C. 2925.11, a third-degree felony.

**{¶ 8}** We will address the merits of Guzman's claim rather than rely on the doctrine of res judicata. Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant who seeks to withdraw a plea after the imposition of a sentence has the burden of establishing the existence of a manifest injustice. *State v. Simon*, 12th Dist. Butler No. CA2015-05-081, 2015-Ohio-4448, ¶ 15.

**{¶ 9}** In general, "manifest injustice relates to a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Hobbs*, 12th Dist. Warren No. CA2012-11-117, 2013-Ohio-3089, ¶ 9. "The requirement of demonstrating a manifest injustice is designed to discourage a defendant from pleading guilty to test the weight of the potential reprisal, and later attempting to withdraw the plea if the sentence was unexpectedly severe." *State v. Lampe*, 12th Dist. Warren No. CA2015-03-028, 2015-Ohio-3837, ¶ 9. This sets forth an extremely high standard that is allowable only in extraordinary cases. *State v. Sturgill*, 12th Dist. Clermont No. CA2014-09-066, 2015-Ohio-1933, ¶ 9.

**{¶ 10}** Ineffective assistance of counsel is a proper basis for seeking a post-sentence withdrawal of a guilty plea. *Id* at ¶ 12; *State v. Worthington*, 12th Dist. Brown No. CA2014-12-022, 2015-Ohio-3173, ¶ 16. When an alleged error underlying a motion to withdraw a guilty plea is the ineffective assistance of counsel, such as the case here, the defendant must show (1) his counsel's performance was deficient and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty. *Sturgill* at ¶ 12; *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984).

**{¶ 11}** In *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473 (2010), the United States Supreme Court held that the Sixth Amendment imposes upon counsel, in negotiating a guilty

or no-contest plea, the duty to "accurate[ly]" advise a noncitizen client concerning the immigration consequences of the plea. *Id.* at 364. If the deportation consequences of pending criminal charges are "truly clear," a criminal defense attorney has an equally clear duty to give correct advice regarding those charges. *Id.* at 369. "When the law is not succinct and straightforward," counsel "need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.*

{¶ 12} Based on our review, we find the trial court did not err by denying Guzman's post-sentence motion to withdraw his guilty plea. Even if we assume trial counsel's representation was deficient, Guzman failed to prove that he was prejudiced, in order to meet the second prong of the *Strickland* two-part test. *See, e.g., State v. Guerrero*, 12th Dist. Butler No. CA2010-09-231, 2011-Ohio-6530, ¶ 20. Moreover, the denial of Guzman's motion in this case does not amount to a "manifest injustice" under Crim.R. 32.1.

{¶ 13} Prior to entering his guilty plea, the trial court advised Guzman that there may be immigration consequences as a result of his conviction.

THE COURT: Are you a citizen of the United States?

GUZMAN: No.

THE COURT: You understand that if you are found guilty of this, that is grounds for you to be deported out of the United States back to your country of origin?

GUZMAN: Yes.

THE COURT: Do you understand that?

GUZMAN: Yes.

* * *

THE COURT: Do you have any questions you'd like to ask me about what your rights are?

GUZMAN: No.

> THE COURT: Do you need to talk to your attorney for a few minutes before you go forward and enter a plea?
>
> GUZMAN: No.
>
> THE COURT: Do you understand that once you are convicted, ICE may pick you up - - and deport you?
>
> GUZMAN: Yes.

{¶ 14} At the sentencing hearing, the trial court again advised Guzman of future immigration consequences:

> THE COURT: Okay. And you don't have any - - do you have an ICE holder on you?
>
> GUZMAN: No.
>
> THE COURT: You understand that if you are found guilty of this, that the authorities could do one of several things. They could deport you, they could refuse to give you admission to the United States, you could be denied naturalization. Do you understand that?
>
> GUZMAN: Yes.

The record also reflects that Guzman's trial counsel had referred Guzman to an immigration lawyer and that Guzman had consulted with the immigration lawyer prior to sentencing.

{¶ 15} We find Guzman has not shown he was entitled to have his plea vacated or withdrawn. As stated previously, a post-sentence motion to withdraw a guilty plea will only be granted to correct a "manifest injustice." By pleading guilty to the reduced charge, Guzman avoided a potential prison term, and instead was placed on community control. Furthermore, the record reveals that Guzman was advised of immigration consequences prior to his plea, and even consulted with an immigration attorney. Nevertheless, Guzman failed to take any action until more than four years after pleading guilty, and after having completed community control. Still, Guzman did not seek to withdraw his guilty plea until nearly 21 months after completing community control. The situation here does not reflect a "manifest injustice" for

purposes of satisfying Crim.R. 32.1. Accordingly, the trial court did not err by denying Guzman's post-sentence motion to withdraw his guilty plea.

{¶ 16} Judgment affirmed.

M. POWELL, P.J., and RINGLAND, J., concur.