OPINION
{¶ 1} Defendant-appellant Richard Russell appeals the decision of the Carroll County Common Pleas Court which denied his motion to withdraw his guilty plea. Appellant sought plea withdrawal on the grounds that his conduct did not constitute the offense to which he pled, that is Tampering with Drugs. The issue before us is whether the trial court properly denied the plea withdrawal motion without a hearing. For the following reasons, we hold that a hearing was not required and affirm the trial court's decision.
 STATEMENT OF THE CASE {¶ 2} On September 12, 2000, appellant was arrested. A complaint was filed against him in the Carroll County Court alleging four counts of Tampering with Drugs in violation of R.C. 2925.24(B), all third degree felonies. Specifically, the offense entails knowingly adulterating or altering a package or receptacle containing a dangerous drug or substituting a package or receptacle containing a dangerous drug with another package or receptacle. Each count dealt with the following different drugs: 27 unit doses of Bristol 7278; 10 unit doses of MP/85 antibiotic; 5 unit doses of K-48 sedative; and 6 unit doses of Vicodin.
 {¶ 3} The complaint also alleged one count of Illegal Processing of Drug Documents in violation of R.C. 2925.231(B)(1), a fifth degree felony. This offense entailed the following allegations: while aiding and abetting another and while being aided and abetted by another, one intentionally makes, utters, sells, or possesses a false or forged prescription involving a Schedule III drug.
 {¶ 4} On September 26, 2000, a bill of information was filed in the Carroll County Common Pleas Court alleging only one count of Tampering with Drugs in violation of R.C. 2925.24(B), a third degree felony. This remaining count was the one specifying the 27 unit doses of Bristol 7278. The prosecuting attorney then had the county court case and its accompanying various charges dismissed based upon the bill of information and appellant's contemplated plea agreement.
 {¶ 5} On October 6, 2000, appellant appeared in the Common Pleas Court for arraignment, waived indictment, and pled guilty to the charge in the bill of information. Since a plea agreement had been previously negotiated, a pre-sentence investigation had already been ordered. Thus, the court immediately sentenced appellant (as recommended in the PSI and by the state) to complete a six-month program at Eastern Ohio Correctional Center and then report for five years of community control.
 {¶ 6} Over two years later, appellant violated his community control. In June 2003, he stipulated to the violation, and the community control was revoked due to positive drug screens for cocaine in May 2002 and May 2003 and possession of four growing marijuana plants in May 2003. Appellant had different counsel than at the plea hearing. In seeking imposition of a shortened sentence, this counsel argued, "the underlying offense was certainly a felony, but I don't think terrible conduct." (Tr. 4). The court sentenced appellant to three years in prison.
 {¶ 7} In December 2003, appellant sought judicial release, and a hearing was held. No mention was made of the current allegations. The court overruled the request for judicial release but did recalculate jail time credit as requested.
 {¶ 8} On March 1, 2004, nearly three and one half years after his plea was entered, appellant filed the within pro se motion to withdraw his guilty plea under Crim.R. 32.1. He stated that when he returned home on September 12, 2000, his wife was being arrested for pills in the cupboard and he felt obligated to take responsibility to save his wife. He claimed that his plea was not voluntary because there was actually no crime. Specifically, he stated that the pills were his wife's prescribed medication, noting that the bottle had her name on it. He also stated that the pills were over the counter medications and that Bristol is non-toxic and not a controlled substance. Appellant then complained that he was convicted without physical evidence because there was no laboratory report explaining the amount and type of substance. He concluded his counsel should have raised these issues instead of allowing him to plead.
 {¶ 9} On April 9, 2004, the trial court denied appellant's motion, finding that the motion included "no facts or evidentiary material alleging a manifest injustice or that his plea was not knowingly, voluntarily and intelligently entered. State v. Boshko (2000),139 Ohio App.3d 827 applied."
 {¶ 10} Appellant filed timely notice of appeal. Along with his notice of appeal, he submitted an affidavit for the first time on appeal. We cannot review such affidavit that was not presented to the trial court since we are limited to reviewing the record as presented to the trial court. State v. Ishmail (1978), 54 Ohio St.2d 402, 406. It is clear that the appointed appellate counsel is aware of this prohibition as he does not refer to such affidavit in the brief submitted on appellant's behalf.
 ASSIGNMENT OF ERROR {¶ 11} Appellant's sole assignment of error and issue presented provide:
 {¶ 12} "The trial court abused its discretion when it denied Mr. Russell's motion to withdraw his guilty plea, in violation of the due process clause."
 {¶ 13} "Did the trial court abuse its discretion when it denied Mr. Russell's motion to withdraw his guilty plea on the basis of a lack of affidavit."
 {¶ 14} Appellant applies various factors set forth in State v. Fish
(1995), 104 Ohio App.3d 236. For instance, appellant states: the court failed to hold a fair hearing on his motion, the court did not fully consider his motion and erroneously implied that an affidavit was required, his confusion over whether the pills were prescribed or over the counter shows his lack of comprehension as to the nature of the offense, he has a defense to the charge, and the state will not be prejudiced by plea withdrawal. Appellant repeats the claims made in his plea withdrawal motion and concludes that he established a manifest injustice if his claims are believed. He urges that we remand the case to the trial court for an evidentiary hearing.
 {¶ 15} Crim.R. 32.1 provides:
 {¶ 16} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 17} This court has adopted the following non-exclusive list of factors to weigh in considering a pre-sentence motion to withdraw a plea: (1) whether the state will be prejudiced by withdrawal, (2) the representation afforded to the defendant by counsel, (3) the extent of the Crim.R. 11 plea hearing, (4) the extent of the hearing on the motion to withdraw, (5) whether the trial court gave full and fair consideration to the motion, (6) whether the timing of the motion was reasonable, (7) the reasons for the motion, (8) whether the defendant understood the nature of the charges and potential sentences, and (9) whether the accused maintains his innocence, points to evidence placing his guilt in question, or alleges a complete defense to the charge. State v. Thomas
(Dec. 17, 1998), 7th Dist. Nos. 96CA223, 96CA225, 96CA226, at 3, citingState v. Fish (1995), 104 Ohio App.3d 236, 240.
 {¶ 18} We have applied these factors in reviewing decisions onpre-sentence motions. Some of the factors may also be relevant in reviewing a post-sentence motion. For instance, under the third factor, appellant's Crim.R. 11 plea hearing was highly adequate. Under the sixth factor, the timing of the motion is unreasonable, being three years and five months after sentencing. State v. Bush, 96 Ohio St.3d 235,2002-Ohio-3993, at ¶ 14, citing State v. Smith (1977), 49 Ohio St.2d 261,264. See, also, State v. Lankford (June 30, 1999), 7th Dist. No. 96BA51 (undue delay reflects adversely on the movant's credibility and the weight to give his evidence). Moreover, the untimely motion was only made after multiple probation violations and a denied motion for judicial release.
 {¶ 19} In addition, there are vast differences between a pre-sentence motion and a post-sentence motion to withdraw a plea. A pre-sentence motion is to be granted "freely and liberally." State v. Xie (1992),62 Ohio St.3d 521, 526. But, a postsentence motion is to be granted only in extraordinary circumstances in order to correct a manifest injustice. Crim.R. 32.1; State v. Lankford (June 30, 1999), 7th Dist. No. 96BA51.
 {¶ 20} The burden is on the defendant to establish this manifest injustice. Smith, 49 Ohio St.2d at 264. "The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." State v. Caraballo (1985), 17 Ohio St.3d 66, 67. (Or, as in this case, where a defendant later attempts to withdraw his plea after he violates his community control and is eventually forced to serve a prison term.)
 {¶ 21} Further, a hearing on a post-sentence motion is only required if the facts alleged by the defendant and accepted as true would require the court to vacate the plea. State v. Thompson, 7th Dist. No. 99CA211, 2003-Ohio-2380, at ¶ 48. Consequently, the trial court is only required to hold a hearing if after presuming the defendant's claims are true, a manifest injustice is apparent. Id. See, also, State v. Brown, 1st Dist. No. C-10755, 2002-Ohio-5813, at ¶ 20 (stating that the trial court's decision on whether an evidentiary hearing is required is only reviewed for an abuse of discretion).
 {¶ 22} Appellant complains that the trial court improperly used the Twelfth District's Boshko case to require him to submit an affidavit. He argues that such is not required for a plea withdrawal motion but is only required for a new trial motion. We have reversed for a hearing based solely on unsworn allegations. State v. Price (June 11, 1999), 7th Dist. No. 92CA72. Thus, appellant correctly argues that an affidavit is not strictly required. However, appellant misinterprets the Boshko holding and the trial court's reliance on it. The relevant portion of Boshko is as follows:
 {¶ 23} "Generally, a hearing is only `required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn.' Appellant's pro se motion and request for a hearing included no facts or evidentiary material alleging a manifest injustice. Since appellant failed to demonstrate a manifest injustice warranting the withdrawal of his guilty plea, we conclude that the trial court did not abuse its discretion by failing to conduct a hearing on the motion or by denying the motion." State v. Boshko (2000), 139 Ohio App.3d 827, 833
(citations omitted).
 {¶ 24} The holding is the same as that set forth in our Thompson
case. Boshko and the trial court's judgment entry in the case before us both embrace a "facts or evidentiary material" standard. Thus, if the motion sets forth sufficient facts which if presumed true, would establish a manifest injustice, then a hearing is required, regardless of the existence of an affidavit. Hence, the court's statement in its entry regarding Boshko was not erroneous. See State v. King (1994),70 Ohio St.3d 158, 162 (unless otherwise provided, a trial court speaks only through its journal entries and not by oral pronouncement). As such, we move to the remainder of appellant's claims.
 {¶ 25} Appellant's argument is mainly based upon his recent discovery that his Tampering with Drugs charge under R.C. 2925.24(B) has a statutory defense in R.C. 2925.24(D), which provides:
 {¶ 26} "It is an affirmative defense to a charge under this section alleging that a person altered a dangerous drug that the dangerous drug the person allegedly altered was lawfully prescribed for the person's personal use and that the person did not sell or transfer or intend to sell or transfer the dangerous drug to another person."
 {¶ 27} First, appellant did not mention this defense or cite this section to the trial court. Second, appellant's plea withdrawal motion claimed that the drug was prescribed for his wife, not prescribed for him for his personal use as required by R.C. 2925.24(D). Third, appellant did not specifically claim that he did not sell or transfer or intend to sell or transfer the drug to another person as is required for use of the defense in R.C. 2925.24(D).
 {¶ 28} As aforementioned, appellant also claimed that the pills seized were nontoxic and not controlled substances. However, R.C. 2925.24(D) does not use the term toxic or controlled in relation to the drug. Rather, the offense deals with a "dangerous drug." Pursuant to R.C.2925.01(C), "dangerous drug" and "prescription," as used in Chapter 2925, have the same meaning as in R.C. 4729.01. That statute provides the following optional definitions of a dangerous drug:
 {¶ 29} "(1) Any drug to which either of the following applies:
 {¶ 30} "(a) Under the `Federal Food, Drug, and Cosmetic Act,'52 Stat. 1040 (1938), 21 U.S.C.A. 301, as amended, the drug is required to bear a label containing the legend `Caution: Federal law prohibits dispensing without prescription' or `Caution: Federal law restricts this drug to use by or on the order of a licensed veterinarian' or any similar restrictive statement, or the drug may be dispensed only upon a prescription;
 {¶ 31} "(b) Under Chapter 3715. or 3719. of the Revised Code, the drug may be dispensed only upon a prescription;
 {¶ 32} "(2) Any drug that contains a schedule V controlled substance and that is exempt from Chapter 3719. of the Revised Code or to which that chapter does not apply;
 {¶ 33} "(3) Any drug intended for administration by injection into the human body other than through a natural orifice of the human body." R.C.4729.01(F).
 {¶ 34} This statute also defines prescription as "a written, electronic, or oral order for drugs or combinations or mixtures of drugs to be used by a particular individual or for treating a particular animal, issued by a licensed health professional authorized to prescribe drugs." R.C. 4729.01(H).
 {¶ 35} Although at one point he confusingly stated that the pills were purchased over the counter, he also repeatedly insisted that the pills were prescribed for his wife's medical condition by a licensed physician and that the bottle had his wife's name printed on it. Even if his allegations are presumed to be true, he did not establish that Bristol 7278 was not a dangerous drug under the above definitions.
 {¶ 36} We also note that one can plead to an offense which they did not commit. It is a common tactic used in order to avoid the risks of: trial, increased sentencing, more charges, or charges against a spouse. See Thompson, 7th Dist. No. 99CA21, at ¶ 54 (noting that actual innocence is just one factor in developing an adequate trial strategy and that trial tactics should not be microscopically assessed using the distorting effect of hindsight). As aforementioned, appellant was initially charged with three other Tampering with Drugs charges and one Illegally Processing of Drug Documents charge. Appellant likely pressed for a plea on the charge dealing with the Bristol pills when negotiating his plea instead of the charge dealing with the Vicodin pills.
 {¶ 37} The pre-sentence investigation report, which is part of the record albeit a non-public part, is also illuminating and weighs against the existence of a manifest injustice. Moreover, this crime can be committed not only by altering a dangerous drug, but it alternatively can be committed by substituting a package or receptacle containing a dangerous drug with another receptacle or package. R.C. 2925.24(B).
 {¶ 38} Contrary to appellant's next contention, a laboratory report is not required in order to charge a person with drug offenses or in order for that person to plead guilty to one of the charges. In fact, a report would not even be required if the case went to trial. See State v.Singh, 7th Dist. No. 03CO08, 2004-Ohio-3213, citing State v. Maupin
(1975), 42 Ohio St.2d 473 (holding that scientific testing is not required to prove the contents or identity of a pill).
 {¶ 39} Finally, at the plea hearing, appellant stated that he understood fully the nature of the offense and the elements that the state would have to prove if the case went to trial. (Plea Tr. 4-5). He stated that he read and understood the bill of information. (Plea Tr. 6). He affirmed that he discussed the documents and the law and the facts of the case with his attorney. (Plea Tr. 6). Appellant participated in the formulation of his plea agreement even prior to the filing of the information and he greatly benefited from the arrangement. Another attorney appointed for his probation hearing stated that he discussed the underlying offense with appellant, and this attorney agreed that the offense "certainly" constituted a felony. (Prob. Tr. 3-4). Lastly, the unexplained delay weighs heavily against appellant's claim of manifest injustice. Bush, 96 Ohio St.3d at ¶ 14.
 {¶ 40} The trial court did not abuse its discretion in finding that appellant failed to set forth sufficient allegations which would establish a manifest injustice if true. We thus uphold the trial court's denial of appellant's motion to withdraw his guilty plea without an evidentiary hearing.
 {¶ 41} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.