[Cite as *State v. Tapia-Cortes*, 2016-Ohio-8101.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO.   CA2016-02-031 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 12/12/2016 |
| - vs - | : | |
| | : | |
| MATEO TAPIA-CORTES, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 15CRB03940


Neal D. Schuett, 345 High Street, 2nd Floor, Hamilton, Ohio 45011, for plaintiff-appellee

McKinney & Namei Co., LPA, Paul W. Shonk, 15 East Eighth Street, Cincinnati, Ohio 45202, for defendant-appellant


**M. POWELL, P.J.**

{¶ 1}  Defendant-appellant, Mateo Tapia-Cortes, appeals a decision of the Hamilton Municipal Court denying his post-sentence motion to withdraw his guilty plea and vacate his conviction.

{¶ 2}  Appellant is a citizen of Mexico but has been a legal resident in the United States since 2013.  The record indicates he was originally admitted in the United States in 2008 as a temporary nonagricultural worker.  Appellant is married to an American citizen

with whom he has children.

{¶ 3}   On October 14, 2015, appellant was charged with domestic violence, a first-degree misdemeanor, as a result of an altercation with his wife.   On October 15, 2015, appellant was brought from jail to the municipal court where he met briefly and for the first time with his court-appointed attorney ("defense counsel").   A plea hearing was then held in the municipal court.   During the hearing, the municipal judge orally advised appellant, in compliance with R.C. 2943.031(A), that a guilty plea could have adverse immigration consequences.   The municipal judge then asked appellant if he understood; appellant replied he did.   Appellant was also provided with two printed advisement forms, one in English and one in Spanish, which stated:

> If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

Appellant signed both forms.   He then pled guilty to domestic violence, a first-degree misdemeanor.   Appellant was sentenced to 180 days in jail, with 165 of those days suspended, placed on community control for two years, and ordered to pay a fine and court costs.

{¶ 4}   On December 3, 2015, appellant moved to withdraw his guilty plea and vacate his conviction on the ground defense counsel's failure to advise him of the immigration consequences of his guilty plea deprived him of his constitutional right to the effective assistance of counsel.   Appellant asserted that "without inquiring into [appellant's] immigration history or advising him of the mandatory deportation consequences of a guilty plea," defense counsel advised appellant to plead guilty and further advised him that if he pled guilty, he would be released the same day.   Appellant was not released following his

guilty plea but was instead detained by the United States Immigration and Customs Enforcement and is now subject to deportation proceedings. Appellant asserted that had he known of the "mandatory" deportation consequences arising from a conviction of domestic violence, he would never have pled guilty. In support of his motion, appellant cited *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473 (2010), and the federal deportation statute, 8 U.S.C. 1227.

{¶ 5} The municipal court held a hearing on appellant's motion. Appellant and his former defense counsel both testified. Appellant testified that during his brief meeting with defense counsel, immigration issues were not discussed, even though appellant told counsel he "was doing the paperwork with immigrations." Rather, defense counsel told appellant to plead guilty "and [you] will be out of jail the same day." Defense counsel warned appellant that if he did not plead guilty, he would remain in jail throughout the proceedings and ultimately be found guilty. Appellant stated he was never advised that as a result of his domestic violence conviction, deportation would be mandatory. Had he known, he would never have entered a guilty plea. Appellant acknowledged receiving and signing the two forms described above and being orally advised by the municipal judge during the plea hearing about immigration consequences.

{¶ 6} Defense counsel testified he always asks his clients if they are United States citizens, and if they are not, always tells them there is a possibility that being found guilty may have immigration consequences. However, defense counsel had no specific recollection as to what he may have advised appellant about immigration consequences of a guilty plea. Counsel specifically recalled talking to appellant about the facts of the case and telling him there was a likelihood he would be found guilty. Consequently, appellant told defense counsel he felt bad about what he did, did not want to put his wife through a trial, and wanted to take responsibility for his actions. Defense counsel did not dispute

appellant's characterization of counsel's legal advice. Defense counsel testified he is not an immigration specialist, does not know what offenses may result in deportation, and leaves it to his clients to consult with others regarding those issues.

{¶ 7} On January 14, 2016, the municipal court denied appellant's motion to withdraw his guilty plea on the basis of *State v. Aguirre*, 12th Dist. Preble No. CA2011-03-001, 2012-Ohio-144. The municipal court found that appellant was unable to establish he was prejudiced by defense counsel's alleged deficient performance because he was advised by the municipal court, prior to entering his plea, of the adverse immigration consequences of his guilty plea.

{¶ 8} Appellant now appeals, raising one assignment of error:

{¶ 9} THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING APPELLANT'S MOTION TO VACATE GUILTY PLEA UNDER *PADILLA V. KENTUCKY*.

{¶ 10} Appellant argues the municipal court abused its discretion in denying his motion to withdraw his guilty plea. Relying on *Padilla* and 8 U.S.C. 1227(a)(2)(E)(i), appellant argues he was denied the effective assistance of counsel because defense counsel failed to advise him that his guilty plea to domestic violence would result in his deportation. Appellant further argues the fact he was advised by the municipal court, prior to entering his plea, of potential adverse immigration consequences of his guilty plea does not cure defense counsel's deficient representation.

{¶ 11} Although not specifically delineated as such, we will address appellant's motion as a Crim.R. 32.1 post-sentence motion to withdraw his plea. *State v. Guerrero*, 12th Dist. Butler No. CA2010-09-231, 2011-Ohio-6530, ¶ 3. Crim.R. 32.1 allows post-sentence withdrawal of a guilty plea in limited circumstances "to correct a manifest injustice." A defendant seeking to withdraw a guilty plea after the imposition of sentence bears the burden of establishing the existence of a manifest injustice. *Aguirre*, 2012-Ohio-

144 at ¶ 7. In general, manifest injustice relates to a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the demands of due process. *Id.*

{¶ 12} A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court. *Id.* at ¶ 8. Consequently, an appellate court will not reverse the trial court's decision absent an abuse of discretion. *Id.*

{¶ 13} Ineffective assistance of counsel is a proper basis for seeking a post-sentence withdrawal of a guilty plea. *Guerrero*, 2011-Ohio-6530 at ¶ 5. When an alleged error underlying a motion to withdraw a guilty plea is the ineffective assistance of counsel, the defendant must show (1) that his counsel's performance was deficient and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty. *Id.*; *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984).

{¶ 14} "[T]he negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel. The severity of deportation * * * only underscores how critical it is for counsel to inform her noncitizen client that he faces a risk of deportation." (Citations omitted.) *Padilla*, 130 S.Ct. at 1486. Consequently, when negotiating a guilty plea, counsel has a duty to accurately advise his noncitizen client of the immigration consequences of the plea. *State v. Ayesta*, 8th Dist. Cuyahoga No. 101383, 2015-Ohio-1695, ¶ 15. Counsel breaches this duty by either providing affirmative misadvice about immigration consequences or by not providing any advice at all when advice is warranted. *Padilla* at 1484, 1486-1487.

{¶ 15} "When the law is not succinct and straightforward, a criminal defense attorney need no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.* at 1483. However, when the immigration consequences can "easily be determined from reading the removal statute," and "the

deportation consequence is truly clear, * * * the duty to give correct advice is equally clear." *Id.* Counsel's failure to provide a client with available advice regarding deportation "clearly satisfies the first prong of the *Strickland* analysis." *Id.* at 1484.

{¶ 16} *Padilla* involved a noncitizen defendant who pled guilty to the transportation of a large amount of marijuana. Padilla sought postconviction relief, alleging his counsel did not advise him of the deportation consequences of his plea, and affirmatively misadvised him he did not have to worry about immigration issues because he had been in the country so long. Padilla asserted he would have insisted on going to trial if he had not received incorrect advice from his attorney. Noting that Padilla's crime was a deportable offense under the federal deportation statute, 8 U.S.C. 1227, the United States Supreme Court found that counsel's failure to inform Padilla of the adverse immigration consequences of the plea constituted deficient performance under the first prong of *Strickland*:

> In the instant case, the terms of the relevant immigration statute are succinct, clear, and explicit in defining the removal consequence for Padilla's conviction. See 8 U.S.C. § 1227(a)(2)(B)(i) ("Any alien who at any time after admission has been convicted of a violation of * * * any law or regulation of a State, the United States or a foreign country relating to a controlled substance ..., other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable"). Padilla's counsel could have easily determined that his plea would make him eligible for deportation simply from reading the text of the statute, which addresses not some broad classification of crimes but specifically commands removal for all controlled substances convictions except for the most trivial of marijuana possession offenses. * * * This is not a hard case in which to find deficiency: The consequences of Padilla's plea could easily be determined from reading the removal statute, his deportation was presumptively mandatory, and his counsel's advice was incorrect.

*Padilla*, 130 S.Ct. at 1473, 1486. The Supreme Court did not address the issue of prejudice, instead remanding the case to the Kentucky courts to determine whether Padilla met the *Strickland* prejudice prong. *Id.* at 1487.

{¶ 17} In the case at bar, appellant was convicted of domestic violence. Like in *Padilla*, appellant's crime is a deportable offense under 8 U.S.C. 1227. *See* 8 U.S.C. 1227(a)(2)(E)(i) ("Any alien * * * in and admitted to the United States shall, upon order of the Attorney General, be removed if the alien is within one or more of the following classes of deportable aliens: Any alien who at any time after admission is convicted of a crime of domestic violence * * * is deportable"). We find that the statute is succinct, clear, and straightforward in defining the deportation consequences resulting from a noncitizen offender's guilty plea to domestic violence. Here, as was the case in *Padilla*, defense counsel could have easily determined that appellant's guilty plea would make him eligible for deportation by simply reading the text of the federal statute. Because the deportation consequences of appellant's guilty plea were truly clear, defense counsel was constitutionally obligated to advise appellant that as a result of his guilty plea, his deportation would be "presumptively mandatory." *Padilla* at 1483.

{¶ 18} Appellant testified defense counsel did not advise him of the immigration consequences of his guilty plea. Defense counsel did not rebut or challenge appellant's testimony. We also note that defense counsel's testimony provided little insight as to his understanding of the factual background of the offense or his awareness of any potential defenses. It is unknown whether defense counsel ever communicated with appellant's wife concerning her account of the incident and her willingness to cooperate in the prosecution. Defense counsel's delegation of his professional responsibility to appellant and "others" to review 8 U.S.C. 1227(a)(2)(E)(i) and the case law discussing the immigration consequences of a domestic violence conviction for a noncitizen defendant under the statute is deficient representation. Accordingly, appellant has satisfied the first prong of the *Strickland* test. *See State v. Galdamez*, 10th Dist. Franklin No. 14AP-527, 2015-Ohio-3681; *State v. Yapp*, 8th Dist. Cuyahoga Nos. 101247 and 101248, 2015-Ohio-1654.

{¶ 19} We next turn to the prejudice prong of the *Strickland* test. Generally under that prong, a defendant must show there is a reasonable probability that, but for counsel's errors, he would not have pled guilty. *Guerrero*, 2011-Ohio-6530 at ¶ 5. In the specific context of a defense counsel's failure to advise a defendant of the immigration consequences of a guilty plea, the United States Supreme Court has held that a defendant demonstrates prejudice by "convinc[ing] the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 130 S.Ct. at 1485.

{¶ 20} In undergoing the rationality analysis, Ohio courts have identified several factors: (1) the interval of time between the guilty plea and the motion to withdraw the plea, (2) whether a conviction of the offense mandates deportation, (3) the likelihood of a favorable outcome at trial had the defendant not pled guilty, (4) the trial court's compliance with R.C. 2943.031, (5) the defendant's familial and other connections to the community, (6) the defendant's length of residence in the United States, and (7) whether the plea was to a reduced charge or otherwise beneficial to the defendant.

{¶ 21} In the case at bar, appellant expeditiously moved to withdraw his plea seven weeks after pleading guilty to domestic violence. As stated above, pursuant to 8 U.S.C. 1227(a)(2)(E)(i), appellant was deportable as a result of his guilty plea. Defense counsel negotiated a plea of guilty as charged in the complaint, leading appellant to believe his plea would result in his immediate release that same day. Appellant was sentenced to 180 days in jail, with 165 of those days suspended, and was placed on community control for two years. The plea had no apparent benefit to appellant as he was not released from jail as he was informed prior to entering his plea.

{¶ 22} The record indicates appellant was originally admitted in the United States in 2008 as a temporary nonagricultural worker. At the time of the plea, appellant was employed, was married to a U.S. citizen with whom he has children, and had been a legal

resident in the United States since 2013. Therefore, appellant is legally integrated into the community. At the hearing on his motion to withdraw, appellant was asked how far he was in the immigration process at the time of his plea. Appellant replied he had "received a letter in the mail * * * advising me that I was waiting for card that would have removed the conditions." In an affidavit attached to his motion to withdraw, appellant asserted he would never have pled guilty had he known his deportation was mandatory. He further asserted, "I relied on the advice of my criminal defense attorney, who led me to believe that I could plead guilty and still have a chance of remaining in the United States."

{¶ 23} "In considering the likely outcome of trial, the court 'need not determine to an absolute certainty that a jury would have acquitted * * * [r]ather, [the court] need only find a likelihood of a favorable outcome at trial.'" *Galdamez*, 2015-Ohio-3681 at ¶ 42, quoting *Dando v. Yukins*, 461 F.3d 791, 802 (6th Cir.2006).

{¶ 24} In the case at bar, the complaint alleged that appellant "smacked the victim across the face and grabbed her by the shirt and shoulders and began shoving her." Apart from the allegations in the complaint, the record provides little insight into the facts of the underlying charges or what appellant's defenses to those charges might have been. Appellant did not provide this court with a transcript of the plea hearing. The extent of appellant's wife's cooperation in his prosecution, if at all, is unknown. The municipal court's decision denying appellant's motion to withdraw his plea contains no findings and simply states the court denied the motion "[f]or the reasons set forth on the record in open court at 9:10 AM on January 14, 2016," at the hearing on appellant's motion to withdraw. A review of the transcript of that hearing shows that the municipal court denied the motion based on the court's belief appellant could not establish prejudice because appellant was advised by the court, prior to entering his plea, of the adverse immigration consequences of his guilty plea in compliance with R.C. 2943.031. In support of its decision, the municipal court cited

this court's opinion in *Aguirre*, 2012-Ohio-144.

{¶ 25} Pursuant to R.C. 2943.031(A), a trial court is required, before accepting a guilty plea from a noncitizen defendant, to provide the following advisement:

> If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

{¶ 26} In cases involving a guilty plea by a noncitizen defendant, this court and other Ohio courts have generally taken the position that a trial court's R.C. 2943.031(A) advisement that the defendant may be deported as a result of his plea, is sufficient to overcome any prejudice caused by defense counsel's failure to properly advise the defendant. *See Aguirre*, 2012-Ohio-144; *Guerrero*, 2011-Ohio-6530; *State v. Lababidi*, 8th Dist. Cuyahoga No. 96755, 2012-Ohio-267; and *State v. Ikharo*, 10th Dist. Franklin No. 10AP-967, 2011-Ohio-2746.

{¶ 27} However, more recently, Ohio courts and federal courts have begun to back away from the principle that a trial court's R.C. 2943.031(A) advisement during the plea hearing cures an attorney's failure to properly advise his client as to the immigration consequences of a plea. Specifically, the Eighth and Tenth Appellate Districts now hold that a trial court's proper advisement under R.C. 2943.031(A) *may* preclude a finding of prejudice. *Ayesta*, 2015-Ohio-1695; *Galdamez*, 2015-Ohio-3681.

{¶ 28} As stated above, the municipal court denied appellant's motion to withdraw his plea on the basis of this court's opinion in *Aguirre*. However, *Aguirre* is factually distinguishable and therefore not applicable here. In that case, deportation for the offense was not expressly provided for by 8 U.S.C. 1227. In addition, based upon defense counsel's testimony that she discussed the immigration consequences of the defendant's plea "each

and every time" she met with him, the trial court found, and we upheld the finding, that defense counsel had properly advised the defendant of the possible immigration consequences of his guilty plea. By contrast here, the deportation consequences of appellant's domestic violence conviction were clear under 8 U.S.C. 1227, and defense counsel did not advise appellant he was deportable as a consequence of his guilty plea to the offense of domestic violence.

{¶ 29} Likewise, we find that this court's opinions in *Guerrero* and *State v. Guzman*, 12th Dist. Butler No. CA2015-11-198, 2016-Ohio-1487, cited by the state, are inapplicable here. In both cases, we upheld the trial court's denial of the defendants' Crim.R. 32.1 motions to withdraw their pleas on the ground that even if we were to assume trial counsel's representation was deficient, the defendants had failed to prove prejudice under *Strickland* as the trial court had advised them in compliance with R.C. 2943.031. In *Guerrero*, the trial court did not simply provide the R.C. 2943.031 advisement but went further by strongly warning the defendant that "immigration people" were going to seek his deportation. *Guerrero*, 2011-Ohio-6530 at ¶ 18-20. In *Guzman*, we summarily upheld the denial of the Crim.R. 32.1 motion on the basis of *Guerrero* and without addressing or describing what happened during the plea hearing.

{¶ 30} We find that defense counsel's failure to advise appellant of the adverse immigration consequences of his guilty plea to domestic violence constitutes deficient performance. We further find that the municipal court's R.C. 2943.031(A) advisement during the plea hearing did not cure the prejudice resulting from that deficiency. Upon a consideration and weighing of the various factors detailed above, including the timeliness of appellant's motion to withdraw his plea, the duration of his residence in the United States, his integration into the country based upon his employment and familial connections to the community, and the minimal benefit he obtained from pleading guilty, we find that appellant

has satisfied the *Strickland* prejudice prong. Based upon the factual scenario presented in the record, the municipal court abused its discretion in denying appellant's motion to withdraw his guilty plea. Appellant's assignment of error is sustained.

{¶ 31} Judgment reversed and cause remanded to the municipal court for further proceedings consistent with this opinion.

HENDRICKSON and PIPER, JJ., concur.