[Cite as *State v. Creech*, 2021-Ohio-3020.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

STEDMUND CREECH,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 21 JE 0001

---

Criminal Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 13 CR 86.

**BEFORE:**
Carol Ann Robb, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jane M. Hanlin*, Prosecuting Attorney, Jefferson County Justice Center, 16001 State Route 7, Steubenville, Ohio 43952, for Plaintiff-Appellee, *No Brief filed* and

*Stedman Creech, Pro Se,* #644-035, London Correctional Institution, P.O. Box 69, London, OH 43140 for Defendant-Appellant.

Dated: September 1, 2021

_____

**Robb, J.**

{¶1}  Defendant-Appellant Stedmund Creech appeals the decision from Jefferson County Common Pleas Court denying his post sentence motion to withdraw a guilty plea. The sole issue in this appeal is whether the trial court abused its discretion when it determined the ineffective assistance of counsel claim could have been raised in the direct appeal, and thus, it was not a basis for granting the motion to withdraw the guilty plea.  The trial court essentially found the claim was barred by res judicata and alternatively, given the record, the claim would not constitute a manifest injustice requiring the withdrawal of the guilty plea.  For the reasons expressed below, the trial court's decision is affirmed.

<u>Statement of the Case</u>

{¶2}   Creech was indicted for three counts of aggravated burglary in violation of R.C. 2911.11(A)(1), first-degree felonies; one count of aggravated burglary in violation of R.C. 2911.11(A)(2), a first-degree felony; three counts of felonious assault in violation of R.C. 2903.11(A)(1), second-degree felonies; one count of felonious assault with an attendant gun specification in violation of R.C. 2903.11(A)(2), a second-degree felony; one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony; and one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony.  5/22/13 Indictment. Drake Burton was indicted for the same crimes and was one of Creech's co-defendants. 5/22/13 Indictment Case Number 13CR00085 (Burton's case number which is a different case number than Creech's case).  The trial court granted Creech's motion to sever his trial from his co-defendants.  11/12/13 J.E.

{¶3}   Drake Burton's trial began before Creech's trial.  At trial, Drake Burton recanted the statement he gave to police; he testified that he fabricated the police statement for the sole purpose of ensuring his girlfriend would not be charged.  Counsel for Creech requested a transcript of the testimony, which was granted by the trial court. 1/13/14 Motion and J.E.

**{¶4}** Six months later, Creech pled guilty to the indictment. 7/18/14 J.E. Creech was sentenced to an aggregate term of 20 years. 8/14/15 J.E. Creech did not appeal the conviction.

**{¶5}** In August 2019, Creech filed a pro se Crim.R. 32.1 motion to withdraw his guilty plea. 8/15/19 Motion. He asserted he was denied the right to effective assistance of trial counsel arguing trial counsel should have investigated Burton's testimony. Approximately a year later, counsel filed a supplemental motion to withdraw the guilty plea. 8/21/20 Motion. Counsel, asserting a *Brady* violation, argued the state failed to disclose the testimony of co-defendant Burton that occurred at Burton's trial, and thus, a manifest injustice resulted. 8/21/20 Motion. The implication was Burton's testimony indicating he fabricated the statement given to police exonerated Creech, and Creech would not have pled guilty if he knew of the testimony.

**{¶6}** The state filed a motion in opposition to the motion to withdraw. 10/13/20 Motion. The state asserted trial counsel knew Burton's testimony prior to Creech entering his guilty plea. This is evinced by the docket in Creech's case indicating counsel requested a transcript of the testimony and the trial court granted the request. This was six months before Creech pled guilty and a year and a half before Creech was sentenced. 10/13/20 Motion.

**{¶7}** The trial court held a hearing on the motion. 12/9/20 Hearing. Counsel for Creech reasserted Burton's testimony was required to be disclosed to Creech. 12/9/20 Tr. 4-5. At the hearing, the state noted it remembered Creech's trial counsel attended Burton's trial. 12/9/20 Tr. 6-7. It asserted even though Creech may claim counsel was ineffective because Creech did not receive the transcript and was not informed of the recantation that issue could have been raised in the direct appeal by an assertion of ineffective assistance of trial counsel. 12/9/20 Tr. 7. Therefore, it is not a proper argument for the Crim.R. 32.1 motion to withdraw a guilty plea. 12/9/20 Tr. 7. However, even if it was proper, the state asserted it is questionable whether the information was discoverable because it occurred at a public trial and it was not a statement to police that required disclosure. 12/9/20 Tr. 8. Thus, it asserted it had no obligation to provide the testimony to Creech.

Case No. 21 JE 0001

**{¶8}** The trial court agreed with the state's reasoning and denied the motion explaining:

> The Court finds that his Post-Conviction Relief Motion to Withdraw his Guilty Plea is filed untimely. However, even if the Court were to entertain the untimely motion, Defendant fails to establish that the issue he addresses could not have been addressed on direct appeal. As to this issue, the Court finds that Defense Counsel did in fact request the transcript of the Co-defendant, the transcript was prepared and provided to Defense counsel. However, it is unclear whether or not that transcript was provided to the Defendant. However, this would be an issue to raise on direct appeal as ineffective assistance of counsel.
>
> The Court further finds that even if the Defendant were to meet the time requirements and if the Defendant could not address the issue on direct appeal, the Defendant has not established that there was a manifest injustice. After reviewing the entire file and reviewing the State's response and oral arguments, the Court finds there was sufficient information on which the Defendant could exercise his judgment in considering whether or not to enter his Plea of Guilty. Whether or not Co-defendant Burton's recantation was exculpatory as stated, is unclear given that both statements were presented at the Co-defendants trial and Defendant was found Guilty of all Counts.

12/15/20 J.E.

**{¶9}** Creech timely appealed the decision. 1/6/21 Notice of Appeal.

<u>Assignment of Error</u>

"The trial court erred in denying Appellant's Motion to Withdraw Plea, in violation of his effective assistance of counsel protections under the Sixth Amendment to the United States Constitution."

**{¶10}** Creech asserts the trial court erred in denying the motion to withdraw his guilty plea pursuant to Crim.R. 32.1 because trial counsel was ineffective in failing to share the information with him regarding Burton's recantation prior to him entering the

plea. Thus, he contends there was a manifest injustice supporting the motion to withdraw his guilty plea, and the trial court should have granted the request. It is noted the appellate brief focuses on ineffective assistance of counsel; Creech does not focus on the second argument concerning *Brady* that was raised at the trial court level. Thus, the only issue addressed is whether the motion to withdraw a guilty plea should have been granted based on the claim of ineffective assistance of counsel in failing to inform Creech of Burton's trial testimony recanting his prior statement to police.

**{¶11}** Creech and his counsel filed a Crim.R. 32.1 motion to withdraw his guilty plea. The rule provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgement of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. The Ohio Supreme Court has specifically indicated, "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus.

**{¶12}** It is within the trial court's discretion to determine whether a manifest injustice occurred. *Id.* at paragraph two of the syllabus. We review the trial court's denial of appellant's post sentence motion to withdraw a guilty plea under an abuse of discretion standard, i.e., whether the trial court's attitude was unreasonable, arbitrary, or unconscionable. *State v. Xie,* 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992), citing *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶13}** The trial court primarily relied on the timeliness of the motion and res judicata to deny the motion.

**{¶14}** Timeliness of a motion to withdraw guilty plea is a consideration for the trial court when determining whether to grant or deny a defendant's motion to withdraw the plea pursuant to Crim.R. 32.1. The Ohio Supreme Court has explained that while Crim.R. 32.1 does not prescribe a time limitation, an "'undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'" *State v. Bush,* 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 14, quoting *Smith,* 49 Ohio St.2d 261, paragraph three of the syllabus.

{¶15} Here, the motion to withdraw the guilty plea was filed five years after Creech pled guilty and four years after he was sentenced. Thus, timeliness is a factor.

{¶16} Creech claims he did not know of Burton's testimony and did not learn about it until shortly prior to filing the motion to withdraw the guilty plea. He claims his trial counsel was ineffective for failing to investigate Burton's testimony and/or to inform him of the testimony prior to him entering the plea.

{¶17} Appellate courts (including our court) have held a claim of ineffective assistance of trial counsel may serve as a basis for seeking a post-sentence withdraw of a guilty or no-contest plea under Crim.R. 32.1; ineffective assistance of counsel can constitute a manifest injustice. *State v. James*, 3d Dist. Hancock No. 5-19-30, 2020-Ohio-720, ¶ 14; *State v. Mills*, 9th Dist. Summit No. 29224, 2019-Ohio-2205, ¶ 9; *State v. Taveras*, 2017-Ohio-1496, 89 N.E.3d 6, ¶ 17 (12th Dist.); *State v. Montgomery*, 8th Dist. Cuyahoga No. 103398, 2016-Ohio-2943, ¶ 4; *State v. Dalton*, 153 Ohio App.3d 286, 2003-Ohio-3813, 793 N.E.2d 509, ¶ 18 (10th Dist.); *State v. Lankford*, 7th Dist. Belmont No. 96 BA 51, 1999 WL 475981 (June 30, 1999).

{¶18} A Crim.R. 32.1 post sentence motion to withdraw a guilty plea is subject to a manifest injustice standard. *Xie*, 62 Ohio St.3d at 526. "[M]anifest injustice relates to some fundamental flaw in the proceedings which results in a miscarriage of justice or is inconsistent with the demands of due process * * * [M]anifest injustice has been defined as a clear or openly unjust act. Under this standard, a postsentence withdrawal motion is allowable only in extraordinary cases." *State v. Brown*, 167 Ohio App.3d 239, 2006-Ohio-3266, 854 N.E.2d 583, ¶ 5 (10th Dist.).

{¶19} "'When an alleged error underlying a motion to withdraw a guilty plea is ineffective assistance of counsel, the defendant must show (1) that his counsel's performance was deficient and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty." *Taveras*, 2017-Ohio-1496 at ¶ 17, quoting *State v. Tapia–Cortes*, 2016-Ohio-8101, 75 N.E.3d 878, ¶ 13 (12th Dist.), citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984).

{¶20} Therefore, ineffective assistance of counsel may constitute a basis for a motion to withdraw a guilty plea pursuant to Crim.R. 32.1. However, the claim may be barred by res judicata; the doctrine of res judicata bars from review claims of ineffective

assistance of counsel raised in a post sentence Crim.R. 32.1 motion to withdraw a guilty plea if those claims were or could have been asserted on direct appeal. *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 23; *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59. The first consideration for a trial or appellate court is whether the claims raised in the motion to withdraw a guilty plea are barred by res judicata. *State v. Reynolds,* 3d Dist. Putnam No. 12-01-11, 2002-Ohio-2823, ¶ 27. Only if the claim is not barred by res judicata should the court proceed to the manifest injustice standard. *Id.*

**{¶21}** Creech's claim of ineffective assistance of counsel could have been raised in a direct appeal. Creech asserted Burton recanted the statement he gave to police at trial and this recantation could have exonerated Creech. Burton's trial occurred approximately eight months prior to Creech pleading guilty; Burton's trial occurred in November 2013 and Creech pled guilty in July 2014. The docket and record in Creech's case indicate Creech's counsel requested a transcript of Burton's testimony in January 2014. 1/13/14 Motion. The same day the request was made it was granted, and the trial court ordered the transcript sent directly to counsel. 1/13/14 J.E. Thus, the record provides sufficient information that Burton's testimony could have been reviewed and could have been a basis for a potential error on appeal. Creech's claim that counsel did not tell him of Burton's testimony is inconsequential as to this issue because any claim of ineffective assistance of counsel was discoverable for a direct appeal. "[A] defendant's failure to appeal a judgment of conviction bars as res judicata any subsequent attempt to litigate issues that could have been raised on direct appeal." *State v. Dick,* 137 Ohio App.3d 260, 738 N.E.2d 456 (3d Dist.2000). Accordingly, res judicata bars the raising of this claim in the post sentence motion to withdraw a guilty plea, and there is no need to proceed to address the merits under the manifest injustice standard.

**{¶22}** However, even if res judicata does not apply, this court concludes the trial court correctly found no manifest injustice. The trial court reasoned:

> The Court further finds that even if the Defendant were to meet the time requirements and if the Defendant could not address the issue on direct appeal, the Defendant has not established that there was a manifest injustice. After reviewing the entire file and reviewing the State's response

and oral arguments, the Court finds there was sufficient information on which the Defendant could exercise his judgment in considering whether or not to enter his Plea of Guilty. Whether or not Co-defendant Burton's recantation was exculpatory as stated, is unclear given that both statements were presented at the Co-defendants trial and Defendant was found guilty of all counts.

12/15/20 J.E.

{¶23} This reasoning is accurate given the record. Burton was found guilty of all counts even though he claimed at trial his statement to police was a lie. At the hearing, the trial court further noted Creech's decision to pled guilty was not based solely on Burton's statement to police. 12/9/20 Tr. 13. It noted there was other evidence; it reviewed Burton's trial transcript and stated there was other evidence to implicate Creech. 12/9/20 Tr. 14. The trial court stated Creech could have easily based the decision to enter the plea on evidence other than Burton's statement. 12/9/20 Tr. 4.

{¶24} The trial court did not abuse its discretion in this reasoning. While we do not have Burton's entire trial transcript as part of the file in this appeal, the portion of Burton's testimony attached to the motions in this case does not exonerate Creech. That testimony still draws a connection between Creech and Burton. Since the jury found Burton guilty even when considering the recantation, it is possible the recantation had no impact and would not affect Creech's decision to plead guilty based on the other evidence and the recantation's lack of impact.

{¶25} Therefore, the trial court did not abuse its discretion in holding there was no manifest injustice.

{¶26} For the above stated reasons, this court finds no error in the trial court's decision denying Creech's post sentence motion to withdraw his guilty plea. The sole assignment of error is meritless.


Donofrio, P J., concurs.

Waite, J., concurs.


Case No. 21 JE 0001

———————————

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**