[Cite as *State v. Griffin*, 2023-Ohio-4011.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CHARLES GRIFFIN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0126**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 18 CR 131A

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor, and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, Mahoning County Prosecutor's Office, for Plaintiff-Appellee and

Charles Griffin, *Pro se*, Defendant-Appellant.

Dated:  November 2, 2023

**HANNI, J.**

{¶1} Defendant-Appellant, Charles Griffin (Appellant), appeals from a Mahoning County Common Pleas Court judgment denying his motion to withdraw his guilty plea. This is Appellant's second appeal. For the following reasons, we find that Appellant's assignments of error lack merit and are overruled.

{¶2} On February 9, 2018, Appellant was indicted for rape in violation of R.C. 2907.02(A)(1)(c) for engaging in sexual conduct, knowing or with reasonable cause to believe, the victim's ability to consent or resist was substantially impaired due to a mental or physical condition, a felony of the first degree. He was also indicted for sexual battery in violation of R.C. 2907.03(A)(3) for engaging in sexual conduct, knowing the victim submitted because she was unaware of the act being committed. Appellant's co-defendant was indicted for two counts each of rape and sexual battery.

{¶3} It was alleged that in November 2017, Appellant and his co-defendant had sexual intercourse with a 17-year-old female while she was unconscious, after they watched her become intoxicated. The acts were caught on an interior surveillance video maintained by the father of a minor female who allegedly allowed the men into her house with alcohol and marijuana while her father was away. Counsel was appointed for Appellant and pretrials with plea negotiations occurred throughout 2018.

{¶4} On July 15, 2019, Appellant pled guilty to an amended charge of attempted rape, a felony of the second degree. On September 18, 2019, the court sentenced him to seven years in prison.

{¶5} On October 7, 2019, Appellant filed his first notice of appeal. He asserted that his guilty plea was invalid because the trial court failed to specifically inform him of the lifetime duration for Tier III sex offender registration. Appellant argued that he was not required to show prejudice to have his plea vacated because the failure to fully advise him of the sex offender registration obligation constituted a complete failure to comply with the maximum penalty provision in Crim.R. 11(C)(2)(a).

{¶6} On December 8, 2020, this Court affirmed the trial court's judgment. *State v. Griffin*, 7th Dist. Mahoning No. 19 MA 0111, 2020-Ohio-6830, 164 N.E.3d 1032, ¶ 1.

**{¶7}** On September 8, 2022, Appellant filed a motion to withdraw his guilty plea, arguing that he received the ineffective assistance of counsel and his guilty plea was not entered knowingly, intelligently, and voluntarily. He contended that trial counsel was ineffective by advising him to plead guilty to attempted rape when overwhelming evidence was lacking that he had engaged in sexual conduct with the victim while she was unconscious. Appellant asserted that his counsel should have pursued a plea agreement where he would plead guilty to sexual battery, not attempted rape, which had the potential to lower his sentence.

**{¶8}** On November 7, 2022, the trial court denied Appellant's motion to withdraw his guilty plea.

**{¶9}** Appellant filed a timely notice of appeal on November 30, 2022 and raises two assignments of error.

**{¶10}** In his first assignment of error, Appellant asserts:

**THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING GRIFFIN'S MOTION TO WITHDRAW GUILTY PLEA, IN VIOLATION OF HIS DUE PROCESS PROTECTIONS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTION § 10 OF THE OHIO CONSTITUTION.**

**{¶11}** Appellant argues that the trial court abused its discretion by denying his motion to withdraw his guilty plea on the basis of the ineffectiveness of his trial counsel. He contends that counsel was ineffective because he advised Appellant to plead guilty to attempted rape, a second-degree felony, when he should have advised him to plead guilty to attempted sexual battery or sexual battery, which are lower-degree felonies. Appellant complains that his counsel advised him to plead guilty to attempted rape when attempted rape under R.C. 2907.02(A)(1)(c) and sexual battery under R.C. 2907.03(A)(3) contain the same prohibited conduct and require the element of the substantial impairment of the victim's ability to resist or consent. Appellant concludes that counsel deficiently performed because he should have advocated for the lesser offenses of attempted sexual battery or sexual battery. Appellant hinges his argument on *State v. Wilson,* 58 Ohio St.2d 52, 55–56, 388 N.E.2d 745, 748 (1979), where the Ohio Supreme Court held that,

"if the statutes prohibit identical activity, require identical proof, and yet impose different penalties, then sentencing a person under the statute with the higher penalty violates the Equal Protection Clause."

{¶12} Appellee contends that it was within the trial court's discretion to deny Appellant's motion to withdraw his guilty plea because the record does not support an argument that trial counsel did not advise him of the available plea options or that the State even offered any other plea options. Moreover, the State asserts that res judicata bars Appellant's argument because he could have and should have raised the ineffectiveness of counsel on direct appeal.

{¶13} "An appellate court reviews a trial court's decision on a motion to withdraw a plea under an abuse-of-discretion standard." *State v. Nickelson*, 2020-Ohio-1149, 152 N.E.3d 1288, ¶ 22 (7th Dist.). A trial court abuses its discretion when its decision is unreasonable, arbitrary or unconscionable. *AAAA Ents, Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). An unreasonable decision lacks the support of any sound reasoning process. *Id.* An arbitrary decision is made without consideration of the facts or circumstances. *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, ¶ 12. An unconscionable decision is one that affronts "the sense of justice, decency, or reasonableness." *Hise v. Laiviera*, 7th Dist. Monroe No. 18 MO 0010, 2018-Ohio-5399, 127 N.E.3d 460, ¶ 29, quoting *State v. Waugh*, 10th Dist. Franklin No. 07AP-619, 2008-Ohio-2289, ¶ 13.

{¶14} Criminal Rule 32.1 provides:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgement of conviction and permit the defendant to withdraw his or her plea.

{¶15} The Ohio Supreme Court has defined the words "manifest injustice" under Crim. R. 32.1 to mean a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83, 86 (1998). This Court has held that "manifest injustice" is "an extraordinary and fundamental flaw in the plea proceedings." *State v. Reed*, 7th Dist. Mahoning No. 04 MA 236, 2005-Ohio-2925.

**{¶16}** While Crim.R. 32.1 does not impose a time limit for filing, an "'undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." S*tate v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 14, quoting *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph three of the syllabus.

**{¶17}** The defendant bears the burden of establishing manifest injustice in order to succeed on a motion to withdraw a plea of guilty after a sentence is imposed. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977). We have held that "a claim of ineffective assistance of trial counsel may serve as a basis for seeking a post-sentence withdraw of a guilty or no-contest plea under Crim.R. 32.1; ineffective assistance of counsel can constitute a manifest injustice." *State v. Creech*, 7th Dist. Jefferson No. 21 JE 0001, 2021-Ohio-3020.

**{¶18}** In evaluating whether an ineffective assistance of counsel claim constitutes a manifest injustice, a defendant "must show (1) that his counsel's performance was deficient and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty." *Creech, supra,* ¶ 19, citing *State v. Taveras*, 12th Dist. Warren No. CA2016-06-054, 2017-Ohio-1496, ¶ 17 (quoting *State v. Tapia-Cortes*, 12th Dist. Butler No. CA2016-02-031, 2016-Ohio-8101, 75 N.E.3d 878, ¶ 13, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984)). The defendant must prove both prongs of the *Strickland* test in order to prevail. *Strickland, supra* at 687.

**{¶19}** However, we have held that our first consideration in reviewing appeals of trial court rulings denying post-sentence Crim. R. 32.1 claims is whether res judicata bars our review of ineffective assistance of counsel claims. We held that res judicata bars such claims in a motion to withdraw a guilty plea if those claims were or could have been asserted on direct appeal." *Creech, supra*, ¶ 20, citing *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 23; *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59. Only if res judicata does not bar the claim should we proceed to the manifest injustice standard. *Id.* The State of Ohio raises the issue of res judicata in this case.

{¶20} In *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 23, the trial court applied res judicata to bar Straley's post-sentence Crim. R. 32.1 motion to withdraw his guilty plea. Straley argued on direct appeal that the trial court erred by failing to inform him that his sentences were mandatory before imposing the sentences. The trial court applied res judicata to bar the motion to withdraw his plea because he could have raised a challenge to the validity of his plea on appeal. *Id.*

{¶21} The Ohio Supreme Court upheld the trial court's application of res judicata to Straley's post-sentence motion to withdraw. *Id.* at ¶ 23. The Court held that the trial court did not abuse its discretion in applying res judicata because Straley could have argued on appeal that the court's misstatements prevented him from making a knowing, intelligent, and voluntary guilty plea, but he did not do so. *Id.*

{¶22} Similarly here, res judicata bars Appellant's argument. Appellant could have but did not raise on direct appeal the assertion that his counsel was ineffective by failing to advise him to plead guilty to lesser charges. Rather, he asserted on direct appeal that his guilty plea was invalid because the trial court failed to thoroughly inform him of sex offender registration and reporting requirements.

{¶23} Moreover, Appellant does not assert that the prosecution made any other or reduced offers to plead or that his counsel failed to advise him of such offers. Thus, he produces no evidence outside of the record to establish this assertion and Appellant was therefore not prevented from raising this argument on direct appeal.

{¶24} Even if res judicata did not present a bar to review, Appellant's first assignment of error lacks merit. Appellant cannot meet the first prong for an ineffectiveness of counsel claim as he fails to demonstrate deficient performance by his counsel. Although Appellant refers to potential plea charge and sentence scenarios in his appellate brief, he fails to cite any evidence and the record lacks any evidence that the offenses or sentences that he refers to had been offered or even considered by the State. Further, the record fails to establish that Appellant's counsel refused or otherwise failed to pursue other options.

{¶25} The record does show that Appellant and his counsel signed the plea agreement and the State agreed to reduce the felony-one rape charge to second- degree attempted rape and dismiss the third-degree sexual battery charge. Appellant entered

his guilty plea in front of the court and the court found that Appellant entered his plea knowingly, voluntarily, and intelligently. There is no assertion or discussion of any other potential offenses or sentences during the plea hearing. Thus, the record fails to support and Appellant fails to demonstrate that the charges and sentences about which he speculates were offered or even considered.

{¶26} Accordingly, Appellant fails to meet the deficient performance prong of ineffective assistance of counsel. Without a demonstration of deficient performance, there is no need to discuss prejudice.

{¶27} Appellant further asserts that his guilty plea was not entered knowingly, intelligently and voluntarily because of the ineffective assistance of counsel. This Court has held that, "[a] defendant is unable to knowingly, intelligently, and voluntarily plead guilty to an offense if he lacks the capacity to understand the nature and object of the proceedings against him." *State v. Doak*, 7th Dist. Columbiana Nos. 03 CO 15, 03 CO 31, 2004-Ohio-1548.

{¶28} The trial court summarily denied Appellant's motion to withdraw his guilty plea. In his brief, Appellant expresses dismay with the trial court's lack of explanation. However, the trial court was not required to provide any explanation for its decision. *State v. McFarland*, 7th Dist. Jefferson No. 08 JE 25, 2009-Ohio-4391, ¶ 29-30. Moreover, Appellant's failure to establish that his counsel deficiently performed as explained above negates further discussion as to any affect resulting therefrom. Thus, Appellant fails to establish that he lacked the capacity to understand the nature and proceedings against him beyond speculating that his counsel could have secured a better plea for him.

{¶29} Accordingly, Appellant's first assignment of error lacks merit and is overruled.

{¶30} Appellant's second assignment of error states:

**THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING GRIFFIN'S MOTION TO WITHDRAW GUILTY PLEA WITHOUT CONDUCTING AN EVIDENTIARY HEARING, IN VIOLATION OF HIS DUE PROCESS PROTECTIONS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION § 10 OF THE OHIO CONSTITUTION.**

**{¶31}** Appellant argues that he is reliant upon evidence outside of the record to establish his ineffective assistance of counsel claim and therefore, an evidentiary hearing is warranted.

**{¶32}** This Court has held that:

A hearing on a post-sentence motion is only required if the facts alleged by the defendant and accepted as true would require the court to vacate the plea. Consequently, the trial court is only required to hold a hearing if after presuming the defendant's claims are true, a manifest injustice is apparent.

*State v. Russell*, 7th Dist. Carroll No. 04 CA 807, 2005-Ohio-1337.

**{¶33}** Since Appellant has not indicated that discussions were had outside of the record with counsel and/or the prosecution concerning other reduced charges, and we have found that Appellant's first assignment of error lacks merit, an evidentiary hearing was unnecessary. Accordingly, Appellant's second assignment of error lacks merit and is overruled.

**{¶34}** For the reasons stated above, we affirm the trial court's judgment.


Waite, J., concurs.

Robb, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**