[Cite as *State v. Huggins*, 2015-Ohio-3400.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  13-15-13

    v.

ANTWAN L. HUGGINS,              O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeal from Seneca County Common Pleas Court
Trial Court No. 13CR0115**

**Judgment Affirmed**

**Date of Decision:   August 24, 2015**

---

APPEARANCES:

    *Antwan L. Huggins*, Appellant

    *Angela M. Boes*  for Appellee

**PRESTON, J.**

{¶1} Although originally placed on our accelerated calendar, we have elected pursuant to Loc.R. 12(5) to issue a full opinion in lieu of a summary journal entry. Defendant-appellant, Antwan L. Huggins ("Huggins"), appeals the April 6, 2015 judgment entry of the Seneca County Court of Common Pleas denying his motion to withdraw his pleas of no contest to the indictment. For the reasons that follow, we affirm.

{¶2} On August 14, 2013, the Seneca County Grand Jury indicted Huggins on: Count One of possession of drugs, with a specification, in violation of R.C. 2925.11(A), (C)(4)(e), a first-degree felony; and Count Two of illegal conveyance of drugs of abuse onto the grounds of a specified governmental facility in violation of R.C. 2921.36(A)(2), (G)(2), a third-degree felony. (Doc. No. 4). The indictment stated that one of the penalties for Count Two was "a driver's license suspension of not less than six (6) months nor more than five (5) years." (*Id.*). On September 6, 2013, plaintiff-appellee, the State of Ohio, moved to amend the indictment to remove the reference to a driver's license suspension as one of the penalties for Count Two. (Doc. No. 12). The trial court granted the State's motion on September 9, 2013.[1] (Doc. No. 13).

---

[1] On November 26, 2013, the State filed another motion to amend the indictment to remove the statement that "there is a presumption for a prison term" for Count Two. (Doc. No. 40). The trial court granted that motion the same day. (Doc. No. 41).

{¶3} Huggins entered pleas of not guilty to the counts of the indictment and, on September 23, 2013, moved to suppress evidence. (Doc. Nos. 11, 18). On November 13, 2013, following a hearing on November 8, 2013, the trial court denied Huggins's motion to suppress. (Doc. No. 38).

{¶4} On November 26, 2013, under a plea agreement between Huggins and the State, Huggins withdrew his pleas of not guilty and pled no contest to each count of the amended indictment. (*See* Doc. Nos. 42, 43). The trial court found Huggins guilty of each count of the amended indictment. (*See* Doc. No. 43).

{¶5} On December 12, 2013, Huggins filed two pro se motions. (Doc. Nos. 44, 45). In one, Huggins moved for reconsideration of the trial court's denial of his motion to suppress evidence. (Doc. No. 44). In the other, Huggins moved to withdraw his no-contest pleas and for new counsel. (Doc. No. 45).

{¶6} The trial court granted Huggins's request for new counsel and, on March 17, 2014, held a hearing on Huggins's motion to withdraw his no-contest pleas. (*See* Doc. No. 63). On March 21, 2014, the trial court denied Huggins's motion to withdraw his no-contest pleas. (*Id.*).

{¶7} On April 14, 2014, the trial court sentenced Huggins. (*See* Doc. No. 65). As part of the sentence, the trial court imposed a one-year suspension of Huggins's driver's license on each count, to be served consecutively for a total driver's license suspension of two years. (Sentencing Tr. at 11); (Doc. No. 65).

{¶8} On April 17, 2014, Huggins appealed the trial court's judgment entry of sentence. (Doc. No. 67).

{¶9} On September 24, 2014, Huggins, pro se, filed a "petition to vacate or set aside judgment of conviction or sentence." (Doc. No. 73). The trial court overruled Huggins's petition on October 10, 2014. (Doc. No. 77).

{¶10} On November 10, 2014, this court affirmed the trial court's April 15, 2014 judgment entry of sentence. *State v. Huggins*, 3d Dist. Seneca No. 13-14-10, 2014-Ohio-4999, ¶ 48. Specifically, we overruled Huggins's assignments of error arguing that the trial court erred by denying his motions to suppress evidence and to withdraw his no-contest pleas. *Id.* at ¶ 19-47.

{¶11} On April 1, 2015, Huggins, pro se, filed a "motion to withdraw plea." (Doc. No. 78). In that motion, Huggins requested that the trial court allow him to withdraw his no-contest pleas, arguing that he suffered manifest injustice because "the sentence that was imposed is a sentence that is contrary to law and a sentence that is different then [sic] the plea contract," which did not provide that Huggins might be sentenced to a driver's license suspension for Count Two. (*Id.* at 8). He also argued, "The Judge in this matter even after signing the plea contract * * * still sentenced the defendant to a driver's license suspension on count two when count two did not carry a driver's license suspension and in volition [sic] of the plea contract he signed, therein making the sentence contrary

to law and void." (*Id.* at 6). The trial court denied Huggins's motion on April 6, 2015. (Doc. No. 76).

{¶12} On April 27, 2015, Huggins, pro se, filed a notice of appeal of the trial court's April 6, 2015 judgment entry. (Doc. No. 80). He raises one assignment of error for our review.

### Assignment of Error

**The trial court erred and abused it's [sic] discretion when it failed to find manifest injustice and allow the defendant to withdraw his no contest plea on a void sentence.**

{¶13} In his assignment of error, Huggins argues that the trial court erred by denying his April 1, 2015 motion to withdraw his no-contest pleas because, by imposing a driver's license suspension for Count Two, the trial court "substituted a different sentence for [sic] that provided for by statute or one that was greater than that provided for by law," resulting in "'manifest injustice' in the plea and mak[ing] the resulting sentence VOID and show[ing] that this mater [sic] must go back to status quo." (Emphasis sic.) (Appellant's Brief at 5).

{¶14} "Appellate review of the trial court's denial of a motion to withdraw a guilty plea is limited to whether the trial court abused its discretion." *State v. Streeter*, 3d Dist. Allen No. 1-08-52, 2009-Ohio-189, ¶ 12, citing *State v. Nathan*, 99 Ohio App.3d 722, 725 (3d Dist.1995), citing *State v. Smith*, 49 Ohio St.2d 261 (1977). An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶15} Crim.R. 32.1 provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "However, a trial court has no jurisdiction to consider a Crim.R. 32.1 motion to withdraw a guilty [or no-contest] plea after the judgment of conviction has been affirmed by an appellate court." *Streeter* at ¶ 14, citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97-98 (1978). Here, because this court affirmed Huggins's conviction on direct appeal, we conclude that the trial court lacked jurisdiction to consider his April 1, 2015 post-sentence motion to withdraw his no-contest pleas. *Id.* at ¶ 15. Therefore, the trial court did not abuse its discretion by denying Huggins's April 1, 2015 motion to withdraw his no-contest pleas. *Id.* at ¶ 18.

{¶16} Huggins's assignment of error is overruled.

{¶17} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS, P.J., concurs in Judgment Only**

**WILLAMOWSKI, J., concurs.**

**/jlr**