[Cite as *State v. James*, 2020-Ohio-720.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

        PLAINTIFF-APPELLEE,                      CASE NO.  5-19-30

        v.

MARK A. JAMES,                           O P I N I O N

        DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2015 CR 00032

**Judgment Affirmed**

Date of Decision:   March 2, 2020

APPEARANCES:

    *W. Alex Smith* for Appellant

    *Phillip A. Riegle* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Mark A. James ("James"), pro se and represented by counsel, appeals the July 31, 2019 judgment entry of the Hancock County Court of Common Pleas denying his post-sentence motion to withdraw his no-contest plea. We affirm.

{¶2} On February 10, 2015, the Hancock County Grand Jury indicted James on three counts of trafficking in heroin in violation of R.C. 2925.03(A), fifth-degree felonies, and one count of possession of heroin in violation of R.C. 2925.11(A), a second-degree felony. (Doc. No. 1). James appeared for arraignment on February 18, 2015 and entered pleas of not guilty. (Doc. No. 6).

{¶3} On September 25, 2015, James withdrew his pleas of not guilty and entered a plea of no contest, under a negotiated plea agreement, to the possession-of-heroin charge set forth in the indictment. (Doc. Nos. 93, 98). In exchange for his change of plea, the State agreed to dismiss the trafficking charges. (Doc. Nos. 92, 98). The trial court accepted James's plea of no contest, found him guilty, and dismissed the trafficking charges. (Doc. No. 98). (*See also* Doc. No. 92).

{¶4} On November 12, 2015, the trial court sentenced James to 7 years in prison. (Doc. No. 105). James directly appealed his conviction and sentence in which he challenged only the trial court's denial of his motion to suppress evidence.

We affirmed James's conviction and sentence on October 11, 2016.[1] *State v. James*, 3d Dist. Hancock No. 5-16-14, 2016-Ohio-7262, ¶ 1.

**{¶5}** Over three years later, on November 29, 2018, James, pro se, filed a post-sentence motion to withdraw his no-contest plea under Crim.R. 32.1. (Doc. Nos. 141, 142). In support of his motion, James challenged the lawfulness of the search warrant based on "newly discovered" information. (Doc. No. 142). On December 21, 2018, the State filed a memorandum in opposition to James's post-sentence motion to withdraw his no-contest plea. (Doc. No. 145). On January 2, 2019, James filed his reply to the State's memorandum in opposition to his motion in which he alleged that his trial counsel was ineffective. (Doc. No. 146). On July 31, 2019, the trial court, without a hearing, denied James's motion. (Doc. No. 150).

**{¶6}** On September 3, 2019, James filed a notice of appeal. (Doc. No. 151). Represented by counsel, James raises one assignment of error for our review. Further, after being granted leave, James, pro se, raises four additional assignments of error for our review. For ease of our discussion, we will address all of the assignments of error together.

### Assignment of Error

**The trial court erred when it denied the defendant's motion to withdraw plea.**

---

[1] In James's direct appeal, this court recited much of the factual and procedural background of this case, and we will not duplicate those efforts here. *See State v. James*, 3d Dist. Hancock No. 5-16-14, 2016-Ohio-7262.

**Pro Se Assignment of Error No. I**

**Trial Court failure [sic] to Account for all the evidentiary Materials offered by defendant Constituted An Abuse of Discretion.**

**Pro Se Assignment of Error No. II**

**Trial Court [sic] did not give a complete and Impartial hearing on defendant [sic] Crim.R.32.1 Motion to withdraw Plea, Constituted an Abuse of discretion.**

**Pro Se Assignment of Error No. III**

**Trial Court [sic] decision to deny Appellants [sic] Crim.R.32.1 Motion to withdraw No Contest Plea Constituted an Abuse of discretion.**

**Pro Se Assignment of Error No. IV**

**6th Amendment U.S. Constitution and 14th Amendment due Process, and Article 1 Section 10 of the Ohio Constitution. Ineffective Assistance of Counsel – Establish as Manifest Injustice.**

{¶7} In his assignment of error, James argues that the trial court erred by denying his post-sentence motion to withdraw his no-contest plea without a hearing. James offers a similar argument in his pro se assignments of error. Specifically, James contends that the "newly discovered" information contained in the affidavit attached to his post-sentence motion to withdraw his no-contest plea and his ineffective-assistance-of-counsel claim establish a manifest injustice.

*Standard of Review*

**{¶8}** "Appellate review of the trial court's denial of a motion to withdraw a guilty plea is limited to whether the trial court abused its discretion." *State v. Streeter*, 3d Dist. Allen No. 1-08-52, 2009-Ohio-189, ¶ 12, citing *State v. Nathan*, 99 Ohio App.3d 722, 725 (3d Dist.1995), citing *State v. Smith*, 49 Ohio St.2d 261 (1977). An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

*Analysis*

**{¶9}** Crim.R. 32.1 provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "However, a trial court has no jurisdiction to consider a Crim.R. 32.1 motion to withdraw a guilty [or no-contest] plea after the judgment of conviction has been affirmed by an appellate court." *Streeter* at ¶ 14, citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97-98 (1978). *See also State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 61.

**{¶10}** Here, because this court affirmed James's conviction and sentence on direct appeal, we conclude that the trial court lacked jurisdiction to consider his post-sentence motion to withdraw his no-contest plea. *Accord Ketterer* at ¶ 62;

*Streeter* at ¶ 15; *State v. Huggins*, 3d Dist. Seneca No. 13-15-13, 2015-Ohio-3400, ¶ 15.  Likewise, because the trial court was without jurisdiction to consider James's claims, the trial court did not err by denying his motion without a hearing.  *Accord State v. Rose*, 12th Dist. Butler No. CA2010-03-059, 2010-Ohio-5669, ¶ 17 ("Without jurisdiction to consider appellant's claims, the trial court did not err in failing to hold a hearing.").

{¶11} However, even if the trial court had jurisdiction, we would nonetheless affirm on the merits.  A defendant seeking to withdraw a guilty or no-contest plea after sentence has been imposed has the burden of demonstrating a "manifest injustice."  *Smith* at paragraph one of the syllabus.  This court previously defined a "manifest injustice" as a "clear or openly unjust act."  *State v. Walling*, 3d Dist. Shelby No. 17-04-12, 2005-Ohio-428, ¶ 6.  Notably, a post-sentence withdrawal of a guilty or no-contest plea is available only in "extraordinary cases."  *Smith* at 264.  An evidentiary hearing on a post-sentence motion to withdraw a guilty or no-contest plea "is not required if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn."  *State v. Patterson*, 5th Dist. Stark No. 2003CA00135, 2004-Ohio-1569, ¶ 18, citing *State v. Blatnik*, 17 Ohio App.3d 201, 204 (6th Dist.1984).

{¶12} On appeal, James contends his post-sentence motion to withdraw his no-contest plea should have been granted in light of "newly-discovered"

information contained in affidavit of a person who he alleges to be the confidential informant ("CI") who participated in law enforcement's controlled-narcotics operation involving James, and a video recording depicting a controlled-narcotics buy between the CI and James, which James's alleges supports the CI's claims in her affidavit. In particular, James contends that CI's affidavit amounts to manifest injustice because she asserts that she committed "multiple felony offenses against [James], while acting on behalf of the state and law enforcement officer [sic] to set [James] up on false drug charges, by falsifying statements, tampered with evidence" and that James was a "target * * * because of his race." (Appellant's Brief at 3). Likewise, James contends at least one of the CI's allegations is supported by the video recording because it depicts "a burglary R.C. 2911.12(A); was committed by **HANCOCK LAW ENFORCEMENT OFFICER** against [James]." (Emphasis sic.) (*Id.* at 2).

{¶13} James further argues (assuming that his argument was properly raised before the trial court) that his trial counsel's failure to file a motion to suppress the video recording amounts to ineffective assistance of trial counsel, which establishes that a manifest injustice occurred.

{¶14} A claim of ineffective assistance of trial counsel may serve as a basis for seeking a post-sentence withdraw of a guilty or no-contest plea under Crim.R. 32.1. *See State v. Taveras*, 12th Dist. Warrant No. CA2016-06-054, 2017-Ohio-

1496, ¶ 17, citing *State v. Guerrero*, 12th Dist. Butler No. CA2010-09-231, 2011-Ohio-6530, ¶ 5 and *State v. Tapia-Cortes*, 12th Dist. Butler No. CA2016-02-031, 2016-Ohio-8101, ¶ 13. *See also State v. Mills*, 9th Dist. Summit No. 29224, 2019-Ohio-2205, ¶ 9, citing *State v. Graham*, 9th Dist. Summit No. 28153, 2017-Ohio-908, ¶ 8. "'When an alleged error underlying a motion to withdraw a guilty plea is ineffective assistance of counsel, the defendant must show (1) that his counsel's performance was deficient and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty." *Taveras* at ¶ 17, quoting *Tapia-Cortes* at ¶ 13, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). "'The proponent of an ineffective assistance claim must establish both elements to warrant relief.'" *Id.*, quoting *State v. Robinson*, 12th Dist. Butler No. CA2014-12-256, 2015-Ohio-4649, ¶ 48.

{¶15} Even if we accept all of James's allegations as true, which we do not, none of the allegations serve as a basis to permit James to withdraw his no-contest plea. Importantly, James has not shown any error that caused him to forgo trial and plead no-contest instead. *State v. Straley*, ___ Ohio St.3d ___, 2019-Ohio-5206, ¶ 17 ("We agree with the trial court that Straley did not show that any error caused him to forgo trial and plead guilty instead."). The totality of James's argument challenges the lawfulness of the search warrant. That is, in this case, law enforcement "obtained a warrant to search James's apartment for contraband" based

on "three transactions," which were conducted on behalf of law enforcement by a confidential informant. *James*, 2016-Ohio-7262, at ¶ 6. Accordingly, James is alleging that evidence obtained from the execution of the search warrant should have been suppressed based on allegations of the CI as depicted in her affidavit and the video recording. However, James failed to demonstrate how any of his allegations would have resulted in the evidence seized as part of the search warrant being suppressed. *See State v. Taylor*, 6th Dist. Huron No. H-01-053, 2002-Ohio-2168, ¶ 5. *See also Mills* at ¶ 12. Because James failed to demonstrate how any of his allegations would have resulted in the evidence seized as part of the search warrant being suppressed, neither the allegations contained in the CI's affidavit nor James's ineffective-assistance-of-trial-counsel claim amount to manifest injustice.

{¶16} Furthermore, in his direct appeal from his conviction and sentence, James challenged the trial court's decision denying his motion to suppress evidence, which challenged the lawfulness of the search warrant. The doctrine of "[r]es judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, at ¶ 59. *See also State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus. The doctrine of res judicata "bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw a plea that were raised or could have been raised

in a prior proceeding." *State v. Johnson*, 12th Dist. Butler No. CA2016-07-128, 2017-Ohio-4116, ¶ 11, citing *Rose* at ¶ 18. *See also Ketterer* at ¶ 59.

{¶17} Moreover, James's arguments challenging the lawfulness of the search warrant either were or could have been raised in his direct appeal. Thus, as noted, his challenges are now barred by the doctrine of res judicata. That James casts the C.I.'s affidavit as "new" evidence does not prevent the application of the doctrine of res judicata. Indeed, the evidence that James contends represents "new" evidence is *not* new evidence; rather, it is evidence that was available to James (or could have been discoverable through reasonable diligence) prior to the time he entered his no-contest plea in this case. *See State v. Urbina*, 3d Dist. Defiance No. 4-06-17, 2006-Ohio-6921, ¶ 30; *State v. Van Dyke*, 9th Dist. Lorain No. 02CA008204, 2003-Ohio-4788, ¶ 19. *See also State v. Armstrong*, 2d Dist. Montgomery No. 27138, 2017-Ohio-474, ¶ 17 ("We also note that Armstrong's allegations of ineffective assistance do not constitute new evidence that he was unaware of at the time he entered into the plea.").

{¶18} Notwithstanding our rejection of the merits of James's arguments supporting his desire to withdraw his no-contest plea, we also note that James entered a favorable plea agreement with the State in which the State agreed to dismiss the trafficking charges in exchange for his no-contest plea to the possession

charge. For these reasons, we cannot conclude that there is any evidence that James would have proceeded to trial instead of pleading no contest to possessing heroin.

{¶19} Because there is no evidence of any error that would have caused James to forgo trial and plead no-contest instead, the trial court did not abuse its discretion by denying James's post-sentence motion to withdraw his no-contest plea without a hearing. *See State v. Morris*, 10th Dist. Franklin No. 19AP-152, 2019-Ohio-3795, ¶ 13 ("And because this motion was barred by res judicata, the trial court did not err in denying the motion without a hearing."), citing *State v. Rock*, 11th Dist. Lake No. 2018-L-021, 2018-Ohio-4175, ¶ 14; *Mills*, 2019-Ohio-2205, at ¶ 8 ("'An evidentiary hearing on a post-sentence motion to withdraw a guilty plea is not required when the movant fails to submit evidentiary materials demonstrating a manifest injustice.'"), quoting *State v. Robinson*, 9th Dist. Summit No. 28065, 2016-Ohio-8444, ¶ 11.

{¶20} James's assignment of error and James's pro se assignments of error are overruled.

{¶21} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**